CRONE, Judge,
concurring.
I fully concur in the majority’s reasoning and result, but I write separately to express my disagreement with its disclosure of the full names of both the unemployment claimant and the employer in what I believe to be a contravention of Indiana law.
Indiana Administrative Rule 9(G)(1) says, “The following information in case records is excluded from public access and is confidential: ... [(b) ](xviii) All records of the Department of Workforce Development as declared confidential by Ind.Code § 22-4-19-6.” Indiana Code Section 22-4-19-6 says,
Except as provided in subsections (d) and (f) [which are not relevant here], information obtained or obtained from any person in the administration of this article and the records of the department relating to the unemployment tax or the payment of benefits is confidential and may not be published or be open to public inspection in any manner revealing the individual’s or the employing unit’s identity, except in obedience to an order of a court or as provided in this section.
Ind.Code § 22-4-19-6(b). Finally, Administrative Rule 9(G)(4)(d) says,
Orders, decisions, and opinions issued by the court on appeal shall be publicly accessible, but each court on appeal should endeavor to exclude the names of the parties and affected persons, and any other matters excluded from public access, except as essential to the resolution of litigation or appropriate to further the establishment of precedent or the development of the law.
(Emphasis added.)
As I said in my concurring opinion in S.S. LLC v. Review Board of Indiana Department of Workforce Development, 953 N.E.2d 597 (Ind.Ct.App.2011), I do not see how the foregoing provisions “can be read to allow the disclosure of the full names of unemployment claimants and employers in decisions issued by this Court.” Id. at 607 (Crone, J., concurring). Our supreme court’s recent decision in Recker v. Review Board has not changed my mind.
In that case, the court “acknowledge^] that the identities of the claimant and employing unit are generally subject to the confidentiality requirements prescribed in Indiana Code Section 22-4-19-6(b)” as “expressly implemented as to judicial proceedings by Indiana Administrative Rule 9(G)(l)(b)(xviii).” Recker v. Review Bd. of Ind. Dep’t of Workforce Dev., 958 N.E.2d 1136, 1139 n. 4 (Ind.2011). The court then said that Administrative Rule 9(G)
further provides, however, that when information excluded from public access is presented in court proceedings open to the public, “the information shall remain excluded from public access only if a party or a person affected by the release of the information, prior to or contemporaneously with its introduction into evidence, affirmatively requests that the information remain excluded from public *242 access.” Adm. R. 9(G)(1.2) (emphasis added).
Id. The court went on to say,
The decisions of the ALJ and the Review Board in this case were each expressly labeled as a “Confidential Record” pursuant to Indiana Code Section 22-4-19-6. Appellant’s App’x at 2, 5. In the course of this appeal, the Appellee’s Appendix filed by the employer was identified as “Confidential,” but the Appellant’s Appendix filed by the employee was not so labeled, and it disclosed her full name. Both the claimant-appellant and the Board-appellee used only initials to identify the claimant in their briefs, but the briefs of both revealed the identity of the employer. Neither the claimant, the employer, nor the Review Board, made any affirmative request pursuant to Administrative Rule 9(G)(1.2) to continue the exclusion from public access the identities and information confidential under the statute and rule. Pursuant to Administrative Rule 9(G)(1.2), in light of the absence of an affirmative request for continued confidentiality of the identities of the employee and the employing entity, we fully identify the parties. As to the facts of the case that derive from the records of the Department and are discussed in this opinion, we deem such information to be public as essential to the resolution of the litigation and appropriate to further the establishment of precedent and the development of the law. Adm. R. 9(G)(3) and 9(G)(4)(d).

Id.

The Recker court’s rationale for disclosing the parties’ identities omits a critical component of Administrative Rule 9(G)(1.2), which reads in its entirety as follows:
During court proceedings that are open to the public, when information in case records that is excluded from public access pursuant to this rule is admitted into evidence, the information shall remain excluded from public access only if a party or a person affected by the release of the information, prior to or contemporaneously with its introduction into evidence, affirmatively requests that the information remain excluded from public access.
(Emphasis added.) Because appellate courts do not conduct trials or evidentiary hearings and thus do not admit “information in case records ... into evidence,” I fail to see how Administrative Rule 9(G)(1.2) can be used to justify the disclosure of parties’ identities in unemployment cases for the first time on appeal. Until the relevant provisions of Administrative Rule 9(G) are amended by our supreme court, I intend to continue to use initials in unemployment cases that I write.[1]

. In the even more recent case of Chrysler Group, LLC v. Review Board of Indiana Department of Workforce Development, 960 N.E.2d 118 (Ind.2012), our supreme court elected to identify the individual claimant by initials but identified the employer by name because it saw "little merit in attempting to conceal the identity of a global automotive manufacturer that faced a massive economic collapse in 2008 and whose initials are ‘C.G.’” Id. at 121 n. 1. No such considerations are at play here.