**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOHN P. REED**
Abrahamson Reed & Bilse
Hammond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ACCESSABILITIES, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1207-EX-551 |
| | ) | |
| REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE DEPARTMENT OF
WORKFORCE DEVELOPMENT
Case No. 12-R-1869

**January 29, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

AccessAbilities, Inc., ("Employer") appeals decision of the Review Board of the Indiana Department of Workforce Development ("Review Board") regarding unemployment benefits for Michele Norris. We affirm.

## Issue

Employer raises one issue, which we restate as whether the Review Board properly determined that Norris was not discharged for just cause.

## Facts

Employer provides people with developmental disabilities and the aged with residential habilitation, community habilitation, and day services. Norris was employed as a developmental instructor with Employer beginning on February 4, 2008. Employer has a written policy and procedures manual, which includes a provision that:

> Any employee who receives three disciplinary reports, for any reason, in a three month period, will be subject to termination following the receipt of another Disciplinary Report (the 4th). Each of the Disciplinary Reports, up to the final report resulting in termination, will follow the procedures for discipline as delineated in this manual.

App. p. 38.

Norris received a Disciplinary Report on April 7, 2011, for using white-out on documentation after having been warned not to use white-out. Norris submitted a corrective action plan, acknowledged that she had used white-out, and agreed that she would not use white-out on Employer's forms again.

2

On June 8, 2011, Norris was observed raising her voice toward a consumer and using a "verbally abusive tone" with the consumer. Tr. p. 29. Employer learned that Norris was maintaining possession of the consumer's debit card and cash. Employer filed a report with the State of Indiana and began a state-mandated investigation because the allegations involved abuse or exploitation. The allegations of abuse and exploitation could not be substantiated in the investigation, but Employer determined that Norris's tone with the consumer was not appropriate. Norris was given another Disciplinary Report as a result of the inappropriate verbal interactions with the consumer.

During the investigation of the June 8th incident, Norris was suspended from her employment and was not allowed to provide services to Employer's consumers. Separate from her employment, Norris was a representative payee for one of Employer's consumers. Norris sent repeated disrespectful and inappropriate text messages to a supervisor, Heather Opperman, regarding the consumer's care. Employer gave Norris a third Disciplinary Report as a result of the text messages. That Disciplinary Report informed Norris that "one more Disciplinary Report, in the month of June 2011, will result in termination from her position . . . ." App. p. 85.

Norris was to remain suspended until she attended a New Employee Training class at 10:00 a.m. on June 29, 2011. However, Norris arrived late to the training. Employer contends that Norris arrived at 10:15 a.m., while Norris argues that she arrived at 10:04 a.m. Norris was given a fourth Disciplinary Report because she was late for the training, and her employment was terminated by Employer.

Norris filed for unemployment benefits, and on February 27, 2012, a claims deputy of the Department of Workforce Development found that Norris was not discharged for just cause and was eligible for benefits. Employer appealed the deputy's determination, and a hearing was held before an administrative law judge ("ALJ"). After the hearing, the ALJ issued findings of fact and conclusions thereon affirming the claims deputy's determination. The Employer appealed the ALJ's determination to the Review Board, which adopted and incorporated the ALJ's findings of fact and conclusions thereon and affirmed the ALJ's decision, which provided, in part:

> The employer did not present any documentary evidence to show that the fourth disciplinary report which resulted in the claimant's discharge had followed the procedures for discipline as delineated in the manual. The employer did not present any evidence to show that a warning was to be issued to an individual who was four minutes late in reporting for a training. The other disciplinary reports did not deal with attendance issues.

> \* \* \* \* \*

> It is concluded that the rule that the employer was enforcing in this case was having greater than three disciplinary reports in a three month period. The last disciplinary report which brought about her discharge involved an alleged tardiness violation. It is concluded that the employer did not produce documentary evidence to show that the attendance policy was properly enforced. This procedure concerning greater than three disciplinary reports requires the employer to follow the procedures for discipline as delineated in the manual. The claimant was determined to be tardy because of arriving four minutes late for training. It is concluded that the employer did not present any documentary evidence to show that one incident of tardiness should result in a discharge.

> Further, the employer has admitted that the allegations made in the employee disciplinary report concerning the incident of

4

June 8 through June 10, 2011, (Employer's Exhibit 10), were not substantiated. Therefore, the claimant did not accumulate more than three valid disciplinary reports during a three month period.

It is concluded that the claimant did not violate the employer's rule. It is concluded that the employer failed to meet its burden of proof to show that the claimant knowingly violated a reasonable and uniformly enforced rule concerning greater than three disciplinary reports in a three month period. Therefore, it is concluded that the claimant was discharged but not for just cause within the meaning and intent of I.C. 22-4-15-1.

Id. at 5-6. Employer now appeals.

## Analysis

Employer argues that the Review Board erred when it found that Norris was eligible to receive unemployment benefits. On appeal, we review the Review Board's (1) determinations of specific or basic underlying facts; (2) conclusions or inferences from those facts, or determinations of ultimate facts; and (3) conclusions of law. McClain v. Review Bd. of Indiana Dep't of Workforce Dev., 693 N.E.2d 1314, 1317 (Ind. 1998). The Review Board's findings of basic fact are subject to a "substantial evidence" standard of review. Id. In this analysis, we neither reweigh the evidence nor assess the credibility of witnesses and consider only the evidence most favorable to the Review Board's findings. Id. Reversal is warranted only if there is no substantial evidence to support the Review Board's findings. Id. (citing KBI, Inc. v. Review Bd. of Indiana Dep't of Workforce Dev., 656 N.E.2d 842, 846 (Ind. Ct. App. 1995)). Next, the Review Board's determinations of ultimate facts, which involve an inference or deduction based upon the findings of basic fact, are generally reviewed to ensure that the Review Board's

5

inference is reasonable. Id. at 1317-18. Finally, we review conclusions of law to determine whether the Review Board correctly interpreted and applied the law. McHugh v. Review Bd. of Indiana Dep't of Workforce Dev., 842 N.E.2d 436, 440 (Ind. Ct. App. 2006).

In Indiana, an employee is ineligible for unemployment benefits if he or she is discharged for just cause. Recker v. Review Bd. of Ind. Dep't of Workforce Dev., 958 N.E.2d 1136, 1140-41 (Ind. 2011); Ind. Code § 22-4-15-1. Indiana Code Section 22-4-15-1(d) delineates nine non-exclusive scenarios that can amount to "[d]ischarge for just cause," which include "any breach of duty in connection with work which is reasonably owed an employer by an employee." The breach of duty "ground for just [cause] discharge is an amorphous one, without clearly ascertainable limits or definition, and with few rules governing its utilization." Recker, 958 N.E.2d at 1140 (quoting Hehr v. Review Bd. of Ind. Emp't. Sec. Div., 534 N.E.2d 1122, 1126 (Ind. Ct. App. 1989)).

> In considering whether an employer may utilize this provision as a basis for justifying its action, the Board should consider whether the conduct which is said to have been a breach of a duty reasonably owed to the employer is of such a nature that a reasonable employee of the employer would understand that the conduct in question was a violation of a duty owed the employer and that he would be subject to discharge for engaging in the activity or behavior.

Recker, 958 N.E.2d at 1140-41 (quoting Hehr, 534 N.E.2d at 1126). The employer bears the burden of establishing a prima facie showing of just cause for termination, and if that burden is met, the burden shifts to the employee to introduce competent evidence to rebut the employer's case. Herr, 534 N.E.2d at 1124.

Employer argues that the Review Board's findings are clearly erroneous regarding the tardiness incident and associated fourth Disciplinary Report. Employer's manual provided that "[e]ach of the Disciplinary Reports, up to the final report resulting in termination, will follow the procedures for discipline as delineated in this manual." App. p. 38. The Review Board concluded that Employer failed to produce documentary evidence regarding its attendance policy and the procedures for discipline regarding attendance. The portions of the manual that were admitted did not address attendance policies and whether a Disciplinary Report was an appropriate response to being fifteen minutes late to a training.

Employer argues that the ALJ improperly limited the admission of the entire manual. However, the ALJ emphasized that Employer should move to admit only the policies that brought about Norris's discharge. Employer apparently did not move to admit the attendance policy at issue here. The ALJ could not err by failing to admit a policy that Employer did not request to have admitted.

Employer failed to meet its burden of demonstrating that the fourth Disciplinary Report was proper. As a result, Norris did not receive four valid Disciplinary Reports in a three month period to justify her discharge. Because the Review Board's findings and conclusions regarding the validity of the fourth Disciplinary Report are not clearly erroneous, we need not address Employer's arguments regarding the Disciplinary Report for the June 8th through June 10th incident.

**Conclusion**

The Review Board's findings and conclusions are not clearly erroneous, and the Review Board properly concluded that Norris was entitled to unemployment benefits. We affirm.

Affirmed.

BAKER, J., and RILEY, J., concur.