# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 08 2015, 10:53 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Andrea E. Halpin
Leone Halpin, LLP
South Bend, Indiana

ATTORNEY FOR APPELLEE
STEPHEN J. BOGGS

Mark L. Phillips
Newby, Lewis, Kaminski & Jones, LLP
La Porte, Indiana

ATTORNEYS FOR APPELLEE
DEPARTMENT OF WORKFORCE
DEVELOPMENT

Gregory F. Zoeller
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

New Carlisle-Olive Township
Public Library,

*Appellant,*

v.

Review Board of the Indiana
Department of Workforce
Development and
Stephen J. Boggs,

*Appellees.*

May 8, 2015

Court of Appeals Cause No.
93A02-1408-EX-581

Appeal from the Review Board of the
Department of Workforce Development.
Steven F. Bier, Chairperson.
George H. Baker, Member.
Larry A. Dailey, Member.
Cause No. 14-R-1351

**Robb, Judge.**

# Case Summary and Issue

On July 25, 2014, the Review Board of the Indiana Department of Workforce Development affirmed an administrative law judge's ("ALJ") determination that the Appellant New Carlisle-Olive Township Public Library's ("Library") discharge of employee Stephen Boggs was not for just cause. The Library appeals, raising one issue for our review: whether the Review Board erred by concluding Boggs was not discharged for just cause. Concluding there was substantial evidence to support the Review Board's decision and that the decision is not unreasonable, we affirm.

# Facts and Procedural History

Boggs began working for the Library in July of 1984. His job title was Director of the Library, and he was a full-time hourly employee. On October 30, 2013, the Library informed Boggs that his employment would be terminated unless he chose to resign. Boggs was later discharged from employment pursuant to a signed agreement on November 25, 2013.

On March 3, 2014, a claims deputy with the Department of Workforce Development determined that Boggs had been discharged for just cause and was ineligible for unemployment benefits. Boggs requested a hearing before an

ALJ to review that determination, and a hearing was held over the course of two days on May 20, 2014 and June 24, 2014.

[4] At the hearings before the ALJ, the Library asserted a number of alleged circumstances supporting its argument that Boggs was discharged for just cause. The only circumstance argued by the Library that is relevant to this appeal is that Boggs failed to obtain a master's degree in library sciences. Witnesses for the Library claimed that Boggs had been asked repeatedly to get a master's degree. However, no evidence was presented that the Library's board of trustees (the "Library Board") directed Boggs to obtain a master's degree either during a public meeting or in a written performance evaluation. There is no dispute that Boggs held the license and course credits required for his position as a library director.[1]

[5] Relevant to the issue of Boggs's master's degree, the ALJ's decision stated:

> The employer had wanted the claimant to obtain a master's degree in library science. The claimant had never done so. The claimant had not done so due to financial concerns, and the fact that the local university no longer offered it on campus, and there was a delay before it was available online. The claimant admits knowing the board wanted him to obtain his degree, but argues he was never given a deadline or told his job was in jeopardy for failing to obtain the degree.
>
> . . .
>
> Finally, the claimant failed to obtain the master's degree. The employer does not appear to have ever put this requirement in writing,

---

[1] In addition to those requirements under 590 Indiana Administrative Code 5-4-5, the Library also had a written job description for the library director position. *See* Ex. at 74-76.

> nor given the claimant a deadline.  The ALJ cannot conclude that the claimant was aware that his failure to obtain the degree would endanger his employment.

Appellee's Appendix at 4.

On June 27, 2014, the ALJ issued a written decision concluding that Boggs had not been discharged for just cause.  The Library appealed the ALJ's decision to the Review Board, but the Review Board affirmed the ALJ's decision without accepting any additional evidence.  This appeal followed.  Additional facts will be provided as necessary.

# Discussion and Decision

## I. Standard of Review

Decisions made by the Review Board are subject to review for legal error, but questions of fact determined by the Review Board are conclusive and binding.  Ind. Code § 22-4-17-12(a).  A challenge to a Review Board decision allows inquiry into "the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of facts."  Ind. Code § 22-4-17-12(f).  Our standard of review has three layers:  "(1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact—ultimate facts—are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness."  *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136, 1139 (Ind. 2011).  We may neither reweigh the evidence nor assess witness credibility, and we consider only the evidence

most favorable to the Review Board's findings. *McClain v. Review Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1317 (Ind. 1998).

## II.  Discharge for Just Cause

[8]   In Indiana, a person who makes a claim for unemployment benefits is ineligible for those benefits if he was discharged from employment for "just cause."  Ind. Code § 22-4-15-1(a).  Indiana Code section 22-4-15-1(d) lays out nine nonexclusive circumstances that constitute "[d]ischarge for just cause."  Relevant to this appeal is discharge for "refusing to obey instructions."[2]  Indiana Code § 22-4-15-1(d)(5).  At the time of Boggs's hearings before the ALJ, the Library bore the burden of proving that Boggs was terminated for just cause.[3]  *See Esserman v. Review Bd. of Ind. Dep't of Workforce Dev.*, 23 N.E.3d 831, 838 (Ind. Ct. App. 2014).

[9]   The Library contends the ALJ's determination that Boggs was not discharged for just cause—and the Review Board's affirmance of that decision—was not reasonable.  Specifically, the Library argues that Boggs refused instructions to obtain a master's degree and that the ALJ improperly relied on the Library's failure to set a deadline or put the alleged requirement in writing; the Library

---

[2]  The ALJ's written decision focused on Indiana Code section 22-4-15-1(d)(9), which provides that a discharge is for just cause when it is a result of "any breach of duty in connection with work which is reasonably owed an employer by an employee."  However, on appeal, the Library does not argue that Boggs was discharged for just cause on those grounds.

[3]  Effective July 1, 2014, Indiana Code section 22-4-1-2(c) provides that "entitlement to unemployment benefits is determined based on the information that is available without regard to a burden of proof."

also takes issue with the ALJ's conclusion that Boggs was unaware that failure to obtain a master's degree would endanger his employment, arguing that an employee's awareness is not necessary under the statute. Boggs counters that his supervisor, the Library Board, never instructed him to obtain a master's degree.

[10] The employer's status as a public library and Boggs's position as *director* are of particular importance in this case. A "library board" is "the fiscal and administrative body of a public library," Ind. Code § 36-12-1-3, and it is the Library Board's duty to "govern and set policy for all the affairs of the public library," Ind. Code § 36-12-3-3. The relationship between the Library Board and director is set out by statute as follows: "The library board shall select a librarian who holds a certificate under IC 36-12-11 to serve as the director of the library. . . . The director, as the administrative head of the library, is responsible to the board for the operation and management of the library." Ind. Code § 36-12-2-24(a). In other words, as director of a public library, Boggs's supervisor was the Library Board.

[11] It is generally understood that "boards and commissions speak or act officially only through the minutes and records made at duly organized meetings." *Borsuk v. Town of St. John*, 820 N.E.2d 118, 123 (Ind. 2005) (citation omitted). Further, "[t]he actions of individual members of a board or commission outside a meeting cannot be substituted for the actions at a duly constituted meeting or for the minutes thereof." *Id.*

[12] Boggs maintains that the Library Board never instructed him to obtain a master's degree. Although individual members of the Library Board had expressed to Boggs that they wanted him to get a master's degree, Boggs apparently understood that this was merely a suggestion and did not interpret such comments from individual board members as a directive from the Library Board itself. Indeed, the Library presented no evidence that the Library Board officially instructed Boggs to obtain a master's degree.

[13] In its reply brief, the Library argues that although the Library Board never instructed Boggs to obtain a master's degree during a public meeting, he was told to do so during an executive session. Indiana Code section 5-14-1.5-6.1(b)(9) states that executive sessions may be held "[t]o discuss a job performance evaluation of individual employees." However, the Library submitted only one job performance evaluation into evidence, and it contained no mention of Boggs pursuing a master's degree. Further, Boggs's testimony contradicted the Library's assertion: Boggs claimed that a master's degree was only discussed with individual board members but never mentioned by the Library Board in its official capacity. Considering the evidence most favorable to the Review Board's decision, we hold it was reasonable for the Review Board to conclude that Boggs was not instructed by the Library Board to obtain a master's degree.

[14] The Library also argues that the ALJ committed legal error by finding that the Library Board failed to reduce a master's degree requirement to writing or provide Boggs with a deadline by which to obtain the degree. However, the

Library's arguments on those points presuppose that an instruction was given by the Library Board. As discussed above, viewing the evidence most favorable to the ruling, the Review Board could reasonably conclude that no such instruction was given. In sum, the Library did not meet its burden of showing Boggs was discharged for just cause, and the ruling of the Review Board is affirmed.

# Conclusion

[15] Concluding it was reasonable for the Review Board to find that Boggs was not discharged by the Library for just cause, we affirm.

Affirmed.

Bailey, J., and Brown, J., concur.