# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 23 2016, 10:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Cody B. Coombs | Gregory F. Zoeller |
| Pritzke & Davis | Attorney General of Indiana |
| Greenfield, Indiana | |
| | Frances Barrow |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN TH
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jessica Skidmore-Chisholm, | June 23, 2016 |
| *Appellant,* | Court of Appeals Cause No. 93A02-1601-EX-117 |
| v. | Appeal from the Review Board of the Department of Workforce Development |
| Review Board of the Indiana Department of Workforce Development, | Review Board Number 15-RB-2080 |
| *Appellee.* | |

**Barnes, Judge.**

## Case Summary

Jessica Skidmore-Chisholm[1] ("Employee") appeals the determination of the Review Board of the Indiana Department of Workforce Development ("Review Board") to deny her claim for unemployment benefits. We affirm.

## Issues

Employee raises one issue, which we restate as whether the Review Board's decision that she was discharged for just cause is reasonable.

## Facts

Employee began working for Fedex Kinko's Office and Print Services, Inc., ("Employer") in 1995. In July 2015, Employee was the subject of a garnishment proceeding. The trial court sent paperwork to the Employer regarding the garnishment. The paperwork was addressed to Employer, and Employer was supposed to fill out the paperwork and return it to the court by a certain date. Employee found the paperwork on the door of the store. She saw her name on the paperwork and took it home. Copies of the paperwork were also delivered to Employee's home.

The trial court called Employer regarding the paperwork, and the Employer told the trial court that it had not received the paperwork. The trial court then

---

[1] Skidmore-Chisholm used her full name in her brief and waived her right to keep her identity confidential. *See* Ind. Administrative Rule (9)(G)(6).

sent Employer another set of the paperwork. Employer questioned Employee about the paperwork, and she said that she "had not received anything." Tr. p. 5. In August 2015, the second set of paperwork was sent to Employer. Another employee placed the paperwork into Employee's "cubby," and Employee again took the paperwork home. *Id.* at 13. Employer again had a conversation with Employee about the paperwork, and she said that "she had taken them home." *Id.* at 6. Employee retrieved the paperwork from her home and gave it to Employer. Employer then terminated Employee's employment.

[5] After her discharge, Employee filed a claim for unemployment benefits. The claims deputy found that Employee was not discharged for "just cause" and that she was not disqualified from receiving benefits. Ex. p. 1. Employer appealed the claims deputy's decision, and a hearing was held before an administrative law judge ("ALJ"). The ALJ reversed the claims deputy's decision and found:

> [Employee] was dishonest and [Employee] damaged the employer's trust and confidence in [her] ability to effectively perform the job. [Employee] knew or should have known that taking the garnishment paperwork home without discussing with the manager was dishonest. Furthermore, [Employee] was not honest when questioned about the situation. [Employee] breached a relevant duty. Therefore, [Employee] was discharged for just cause as defined by Indiana Code 22-4-15-1.

App. p. 3.

Employee appealed the ALJ's decision to the Review Board, which adopted and incorporated the ALJ's findings of fact and conclusions of law and affirmed the ALJ's decision. Employee now appeals.

## Analysis

Employee argues that the Review Board's decision that she was discharged for just cause is not reasonable. The Review Board's decision is conclusive and binding as to all questions of fact. Ind. Code § 22-4-17-12(a). On appeal, the standard of review is threefold: (1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact—ultimate facts—are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness. *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136, 1139 (Ind. 2011). When reviewing findings of basic fact, we neither reweigh the evidence nor judge the credibility of witnesses. *J.M. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 975 N.E.2d 1283, 1286 (Ind. 2012). Rather, we consider only the evidence most favorable to the Review Board's findings, and we reverse only if there is no substantial evidence to support the findings. *Id.* Ultimate facts are facts that "involve an inference or deduction based on the findings of basic fact." *Recker*, 958 N.E.2d at 1139. Where such facts are within the "special competence of the [Review] Board," we will give greater deference to the Review Board's conclusions, broadening the scope of what can be considered reasonable. *Id.*

[8] The purpose of the Unemployment Compensation Act is to provide benefits to those who are involuntarily out of work, through no fault of their own, for reasons beyond their control. *Davis v. Review Bd. of Ind. Dep't of Workforce Dev.*, 900 N.E.2d 488, 492 (Ind. Ct. App. 2009). An individual is ineligible to receive unemployment benefits if he or she was discharged for "just cause." Ind. Code § 22-4-15-1(a). Discharge for just cause is defined, in pertinent part, as "any breach of duty in connection with work which is reasonably owed an employer by an employee." I.C. § 22-4-15-1(d)(9). When applying a breach of duty analysis in this context:

> the Board should consider whether the conduct which is said to have been a breach of a duty reasonably owed to the employer is of such a nature that a reasonable employee of the employer would understand that the conduct in question was a violation of a duty owed the employer and that he would be subject to discharge for engaging in the activity or behavior.

*Recker*, 958 N.E.2d at 1140 (quoting *Hehr v. Review Bd. of Ind. Employment Sec. Div.*, 534 N.E.2d 1122, 1126 (Ind. Ct. App. 1989)). Whether an employee breaches a duty owed to the employer "is a very fact-sensitive determination which must be made on a case by case basis." *Hehr*, 534 N.E.2d at 1127.

[9] Employee argues that there was no evidence she acted dishonestly or breached a duty to Employer. Employee does not dispute that she took the garnishment paperwork home, but she contends she did not know the paperwork belonged to Employer and did not "knowingly do anything wrong." Appellant's Br. p. 6. Employee's argument is a request for us to reweigh the evidence and judge the

credibility of the witnesses, which we cannot do. Employer presented evidence that Employee twice removed the garnishment paperwork from the store and took it home. The paperwork was addressed to Employer and included documents that Employer was required to fill out and return to the court. Employee denied seeing the first set of paperwork when she was questioned about it. The Review Board determined that Employee was dishonest with Employer and breached a duty to Employer. There is evidence to support this decision, and it was reasonable.

# Conclusion

[10] The Review Board's decision that Employee breached a duty to Employer is reasonable. We affirm.

[11] Affirmed.

Vaidik, C.J., and Mathias, J., concur.