ATTORNEYS FOR APPELLANT
John R. Maley
Kristin S. Shedlock
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
Steve Carter
Attorney General of Indiana

Thomas M. Fisher
Solicitor General

Elizabeth Rogers
Heather L. Hagan
Deputy Attorneys General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

_____

No. 93S02-0801-EX-17

INDIANA STATE UNIVERSITY,

*Appellant (Respondent Below),*

v.

WILLIAM C. LaFIEF AND
INDIANA DEPARTMENT OF WORKFORCE
DEVELOPMENT [REVIEW BOARD],

*Appellees (Claimants Below).*

_____

Appeal from the Review Board of the Indiana Department of Workforce Development,
No. 06-R-2956
Steven F. Bier, Chairperson

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 93A02-0611-EX-1012

_____

**June 17, 2008**

**Shepard, Chief Justice.**

The issue is whether a university professor who agreed to a fixed-term employment contract was entitled to unemployment benefits upon the non-renewal of his contract. We hold that the professor was not voluntarily unemployed and is entitled to benefits.

**Facts and Procedural History**

Indiana State University appointed William LaFief to a position as an assistant professor in accordance with the University's practice of employing assistant professors for one-year probationary terms with annual reviews that result in reappointment or non-reappointment for subsequent terms. LaFief was initially appointed for the 2004-05 academic year and was reappointed for 2005-06. Thereafter, ISU notified LaFief that he would not be reappointed.

LaFief filed for unemployment. An administrative law judge held that he was not entitled to unemployment benefits, reasoning that LaFief was not "discharged" because his employment ended at the expiration of his contract term. The Review Board of the Indiana Department of Workforce Development reversed, finding that ISU's decision not to reappoint LaFief equated to a "discharge." (App. at 14-16.)

The Court of Appeals reversed the board, holding that LaFief was not entitled to unemployment benefits because he had voluntarily agreed to a one-year appointment that expired by its own terms and that he was not "discharged" from his employment when he was not reappointed. Ind. State Univ. v. Review Bd. of the Ind. Dep't of Workforce Dev., 868 N.E.2d 839 (Ind. Ct. App. 2007). We granted transfer.

**LaFief Was Not Voluntarily Unemployed**

The Unemployment Compensation Act (UCA), Ind. Code art. 22-4, was enacted to "provide for payment of benefits to persons unemployed through no fault of their own." Ind. Code Ann. § 22-4-1-1 (West 2007). To be eligible for unemployment benefits, an individual must meet the requirements set forth in Ind. Code ch. 22-4-14 and must not be disqualified by any of the various exceptions provided in ch. 22-4-15.

The eligibility requirements for unemployment benefits include that an individual must be unemployed, have sufficient wage credits in his base period, be able, available, and actively seeking work, and meet certain registration and reporting requirements. Ind. Code Ann. §§ 22-4-14-2, -3, -5(d)-(e). An otherwise eligible individual can be disqualified from receiving benefits if he voluntarily left his employment without good cause, was discharged from employment for just cause, or failed to accept suitable work. Id. §§ 22-4-15-1, -2.

This appeal involves only questions of law. We review conclusions of law made by the Review Board of the Indiana Department of Workforce Development under a *de novo* standard. Penny v. Review Bd. of the Ind. Dep't of Workforce Dev., 852 N.E.2d 954, 957 (Ind. Ct. App. 2006).

The Act does not contain a requirement that the employee be "discharged" from employment to be eligible for benefits, although "discharge for just cause" is a disqualification from benefits. For example, employees can be eligible for benefits if they leave their employment with good cause. See Ind. Code Ann. § 22-4-15-1; Quillen v. Review Bd. of the Ind. Employment Sec. Div., 468 N.E.2d 238 (Ind. Ct. App. 1984) (evaluating whether an employee's reason for quitting employment constituted good cause). Accordingly, in evaluating whether an individual is eligible for unemployment benefits, the question is not whether he was "discharged" from employment but whether he met the eligibility requirements set forth in Ind. Code ch. 22-4-14 and was not otherwise disqualified under Ind. Code ch. 22-4-15.

In this case, the parties' dispute centers on whether LaFief was disqualified under Ind. Code ch. 22-4-15. Indiana State contends that because LaFief agreed to a fixed-term employment contract, he became voluntarily unemployed at the expiration of that contract term. We hold otherwise.

Employment contracts operate to obligate the parties to continue the employment relationship during the contract's term, not to waive the employee's right to receive unemployment benefits. A contractual provision that attempted to waive an employee's right to receive unemployment benefits would be void because the Act expressly disallows such waivers.

3

Ind. Code Ann. § 22-4-33-1 ("any agreement by an individual to waive, release or commute his rights to benefits or any other rights under [the UCA] is void"). To hold otherwise could encourage employers to require fixed-term employment contracts for the express purpose of avoiding unemployment compensation liability.

LaFief was employed by Indiana State during the 2005-06 academic year. He was not permitted to continue this employment during the next academic year. The fact that LaFief had warning that his employment could terminate upon the contract's expiration does not change the fact that at the end of the year he became unemployed. The termination of his employment was no more voluntary than the termination of employment of an employee at will, who is presumably on notice that his employment could terminate at any time.

This holding does not alter the general rule that employees who contractually agree to mandatory vacation periods or temporary shut downs are not eligible for unemployment benefits so long as they have reasonable assurance that they will continue to be employed after the mandatory vacation period or temporary shut down ends. See Ind. Code Ann. § 22-4-14-7(a) (individuals employed by educational institutions are not entitled to unemployment benefits during the period between two successive academic years if they were employed during one period and there is a reasonable assurance that they will be employed during the successive term); Ind. Code Ann. § 22-4-14-8 (individuals whose employment consists of participating in sports are not entitled to unemployment benefits between seasons if they were employed during one season and there is a reasonable assurance that they will be employed during the successive season); Pope v. Wabash Valley Human Serv., Inc., 500 N.E.2d 209, 211 (Ind. Ct. App. 1986) ("Where the employment contract or collective bargaining agreement provides for a shutdown or vacation period, the employees who signed or assented to the contract are not 'unemployed' within the meaning contemplated by the [Unemployment Compensation Act]").

**Conclusion**

For the above reasons, we affirm the Review Board's decision.

Sullivan and Boehm, JJ., concur.
Dickson, J., dissents with separate opinion, in which Rucker, J., concurs.

**Dickson, Justice, dissenting.**

Unemployment benefits are contingent upon a person being terminated from or leaving employment. In expressly entering into a fixed-term employment contract, Professor LaFief voluntarily agreed that his employment would terminate at the conclusion of the 2005-2006 academic year. His employment with Indiana State University thus ended when the contract expired. After the end of the 2005-06 academic year, there was no employment to leave. Before the contract ended, that is, during the time he was employed, LaFief was not discharged, nor did he leave his employment, and thus he did not become eligible for unemployment benefits.

The majority notes that the Act was enacted to "provide for payment of benefits to persons unemployed through no fault of their own." Ind. Code § 22-4-1-1. The majority further finds that a party voluntarily entering a contract calling for a fixed term of employment is not "at fault" upon the expiration of the contract. I disagree. The professor expressly contracted that his employment would expire at the end of its fixed term. He is thus responsible and accountable for his subsequent unemployment.

At one point in its rationale, the majority states that the expiration of this employment contract "was no more voluntary than the termination of the employment of an employee at will." Slip opin. at 4. I believe it is mistaken to thus suggest that the discharge from at will employment is volitionally equivalent to the foreseeable unemployment that follows the conclusion of a consensual fixed-term employment contract.

Because I conclude that Professor LaFief had no employment to leave or from which to be discharged, and further that he is personally accountable and responsible for the natural consequences of his agreement to the fixed-term contract, I would reverse the decision of the Review Board.

Rucker, J., concurs.