v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and IDWD U.I. Claims Adjudication, Appellees–Plaintiffs.

No. 93A02–0905–EX–423.

Court of Appeals of Indiana.

Oct. 20, 2009.

Publication Ordered Dec. 9, 2009.

Michael M., Lebanon, IN, Appellant pro se.

Gregory F. Zoeller, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

MATHIAS, Judge.

M.M. ("M.M.") appeals the Indiana Department of Workforce Development Review Board's ("the Review Board") decision that M.M. is not eligible for unemployment benefits because he is not able to work. Concluding that the Review Board's decision is supported by the evidence, we affirm.

### Facts and Procedural History

M.M. suffers from degenerative disc disease that was at least aggravated, if not caused by, an injury he received while he was in military training in 1996. In October 2008, M.M. was employed by OnRamp Medical Communications ("OnRamp"). On October 21, 2008, M.M.'s physician restricted his activities to bed rest and limited home activity for a minimum of one month. Approximately one week later, OnRamp terminated M.M.'s employment.

M.M. filed for unemployment benefits, and on October 31, 2008, a claims deputy for the Department of Workforce Develop-

ment determined that M.M. was not eligible because he was not able, available, and actively seeking work. M.M. filed an appeal of the claims deputy's determination, and a hearing was held on February 18, 2009, before Administrative Law Judge Michael White ("the ALJ").

During the hearing, M.M. testified that his physician has not released him to return to work. M.M. attends physical therapy three days per week, and receives treatment from chiropractors, occupational therapists, and massage therapists on a weekly basis. Appellee's App. p. 9. M.M. stated that he has been looking for work that he can do from his home, and he applied for one job as a health agent recruiter. *Id.* at 12. Because of his pain, M.M. reclines in his chair "the majority of the day," and he can only sit or stand for periods of twenty minutes. *Id.* at 13.

On February 25, 2009, the ALJ issued his decision affirming the claims deputy's determination that M.M. is ineligible to receive unemployment insurance benefits because he is unable to work. M.M. filed an appeal of the decision with the Review Board, and on April 17, 2009, the Review Board affirmed the ALJ's decision. M.M. now appeals.

## Discussion and Decision

M.M. argues that the Review Board erred when it determined that he is ineligible to receive unemployment insurance benefits. Our standard of review is well settled:

> When reviewing a decision by the Review Board, our task is to determine whether the decision is reasonable in light of its findings. Our review of the Review Board's findings is subject to a "substantial evidence" standard of review. In this analysis, we neither reweigh the evidence nor assess witness credibility, and we consider only the evidence most favorable to the Review Board's findings. Further, we will reverse the decision only if there is no substantial evidence to support the Review Board's findings.

*Quakenbush v. Review Bd. of Ind. Dep't of Workforce Dev.,* 891 N.E.2d 1051, 1054 (Ind.Ct.App.2008) (citation omitted). The Board's conclusions of law are reviewed under a de novo standard. *Penny v. Review Bd. of Ind. Dep't of Workforce Dev.,* 852 N.E.2d 954, 957 (Ind.Ct.App.2006), *trans. denied.*

The Unemployment Compensation Act ("the Act"), Indiana Code Article 22–4, was enacted to "provide for payment of benefits to persons unemployed through no fault of their own." Ind.Code § 22–4–1–1. Under the Act, an individual who meets the requirements of Indiana Code Chapter 22–4–14 and is not disqualified by the exceptions in Chapter 22–4–15 is eligible for benefits.

An individual is disqualified for unemployment benefits if he is discharged for just cause. I.C. § 22–4–15–1. Arguing that he is eligible for benefits, M.M. cites to Indiana Code section 22–4–15–1(c)(2), which contains the following exception to the disqualification provision in section 22–4–15–1(a): "(c) The disqualifications provided in this section shall be subject to the following modifications: ... (2) An individual whose unemployment is the result of medically substantiated physical disability and who is involuntarily unemployed after having made reasonable efforts to maintain the employment relationship shall not be subject to disqualification under this section for such separation."

This issue has already been resolved in M.M.'s favor. In a separate claim, an ALJ determined that OnRamp discharged M.M. *without* just cause in connection with work. Appellant's App. p. 18 (emphasis added). Therefore, M.M. is not disquali-

fied from receiving unemployment insurance benefits, *if he is otherwise eligible. Id.*

 "The eligibility requirements for unemployment benefits include that an individual must be unemployed, have sufficient wage credits in his base period, *be able, available, and actively seeking work,* and meet certain registration and reporting requirements." *Ind. State Univ. v. LaFief,* 888 N.E.2d 184, 186 (Ind.2008) (citing I.C. §§ 22-4-14-2, -3, -5(d)-(e)) (emphasis added). Specifically, Indiana Code section 22-4-14-3(b) provides in pertinent part that:

> [a]n unemployed individual shall be eligible to receive benefits with respect to any week only if the individual:
>
> > (1) is physically and mentally able to work;
> >
> > (2) is available for work;
> >
> > (3) is found by the department to be making an effort to secure full-time work; and
> >
> > (4) participates in reemployment services, such as job search assistance services, if the individual has been determined to be likely to exhaust regular benefits and to need reemployment services under a profiling system established by the department
> >
> > . . .

 The Review Board affirmed the ALJ's determination that M.M. is ineligible to receive unemployment insurance benefits because he is unable to work. Appellee's App. p. 2. That decision is supported by M.M.'s own testimony that he can stand or sit for a maximum period of twenty minutes at a time, that he reclines in a chair the majority of the day unless he is attending physical therapy or other medical treatment, and that his physician has not released him to return to work. *Id.* at 9–13.

Although M.M. is not disqualified from receiving unemployment benefits under Indiana Code chapter 22-4-15, he cannot establish his eligibility to receive benefits under Indiana Code chapter 22-4-14 because he is unable to work. *See* I.C. § 22-4-14-3(b). Accordingly, we affirm the Review Board's decision that M.M. is ineligible to receive unemployment insurance benefits.

Affirmed.

DARDEN, J., and ROBB, J., concur.

### *ORDER*

Appellee, by counsel, has filed a Motion to Publish.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. Appellee's Motion to Publish is GRANTED, and this Court's opinion handed down in this cause on October 20, 2009, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

DARDEN, ROBB, MATHIAS, JJ., concur.