Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**MICHAEL G. SHANLEY**
PITTMAN & PAGE, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
REVIEW BOARD:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana



FILED

Feb 28 2014, 9:09 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

LEON RICE, INC.,                    )
                                    )
    Appellant-Petitioner,           )
                                    )
      vs.                          )    No. 93A02-1306-EX-477
                                    )
REVIEW BOARD OF THE INDIANA         )
DEPARTMENT OF WORKFORCE             )
DEVELOPMENT and ROGER ANDERSON,     )
                                    )
    Appellees-Respondents.          )

APPEAL FROM THE REVIEW BOARD
OF THE DEPARTMENT OF WORKFORCE DEVELOPMENT
Case No. 13-R-1558

**February 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Leon Rice, Inc. ("Rice"), appeals the determination of the Review Board of the Indiana Department of Workforce Development ("the Review Board") that Roger Anderson is eligible for unemployment benefits because he was involuntarily unemployed due to a medically substantiated physical disability and had made reasonable efforts to maintain his employment relationship. On appeal, Rice argues that the Review Board erred in determining that Anderson made reasonable efforts to maintain his employment relationship. Because we cannot say that the Review Board's determination was unreasonable, we affirm.

## Facts and Procedural History

The evidence most favorable to the Review Board's decision follows. Rice is a drain company. Anderson worked full time at Rice from November 2005 through November 7, 2011, most recently as a service technician. Anderson's job required him to use multiple pieces of machinery, tools, and equipment. The lightest piece of machinery weighs approximately forty pounds. Twice a month Anderson filled in for Rice's full-time supervisor. Rice required supervisors to be capable of performing the job they were overseeing due to the possibility that the service technician might need assistance.

On or about November 8, 2011, Anderson sought medical treatment for his elbow. Anderson's elbow was infected, and he needed surgery. He informed Rice that he was at the hospital and had had surgery. Rice asked Anderson to maintain contact and advise Rice when he could return to work.

Anderson's doctor released him to return to work with lifting restrictions. Anderson told Rice that he was ready to return to work. Anderson provided Rice with medical releases dated November 14, 2011, and November 23, 2011, each containing five-pound lifting restrictions. Rice did not have any work for Anderson with these weight restrictions. Rice told Anderson that when the weight restriction were higher, he could come back to work. Anderson provided Rice with medical releases dated January 4, 2012, and February 22, 2012, which contained ten-pound lifting restrictions, and March 14, 2012, which contained a twenty-pound lifting restriction. Rice did not contact Anderson to tell him to come back to work. It is undisputed that Rice did not have any work, including work as a supervisor, for Anderson even with the increased weight restrictions.

Rice did not receive any further communication from Anderson after the March 14 release. Two months passed, and in May 2012, Rice assumed that Anderson had quit and removed him from its payroll. Between March and August 2012, Anderson was undergoing physical therapy for his elbow and did not have any doctor's appointments. In August, Anderson was cleared to lift seventy-five to eighty pounds.[1]

Anderson applied for unemployment benefits. A claims deputy determined that Anderson voluntarily left employment without good cause and was ineligible for unemployment insurance benefits. Anderson appealed. Following a hearing at which Anderson and Rice's owner participated, the administrative law judge ("ALJ") reversed the deputy's decision. Specifically, the ALJ found that Anderson was involuntarily unemployed

---

[1] Even at that restriction, Rice did not have work that Anderson was capable of performing.

due to a medically substantiated physical disability and had made reasonable efforts to maintain the employment relationship and therefore was eligible for unemployment benefits. Rice appealed the decision of the ALJ to the Review Board, which affirmed the ALJ's decision. Rice appeals now appeals the Review Board's decision.

**Discussion and Decision**

The Indiana Unemployment Compensation Act ("the Act") provides that any decision of the Review Board shall be conclusive and binding as to all questions of fact. Ind. Code § 22-4-17-12(a). When the Review Board's decision is challenged as being contrary to law, our review is limited to a two-part inquiry into: "(1) 'the sufficiency of the facts found to sustain the decision;' and (2) 'the sufficiency of the evidence to sustain the findings of facts.'" *McClain v. Review Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1317 (Ind. 1998) (quoting Ind. Code § 22-4-17-12(f)). Applying this standard, we review "(1) determinations of specific or 'basic' underlying facts, (2) conclusions or inferences from those facts, sometimes called 'ultimate facts,' and (3) conclusions of law." *Id*. The Review Board's findings of basic fact are subject to a "substantial evidence" standard of review. *Id*. In conducting our analysis, we neither reweigh evidence nor judge witness credibility; rather, we consider only the evidence most favorable to the Review Board's findings. *Id*. The Review Board's conclusions regarding ultimate facts involve an inference or deduction based on the findings of basic fact, and we typically review them to ensure that the Review Board's inference is "reasonable" or "reasonable in light of its findings." *Id*. at 1317-18 (citation and

4

quotation marks omitted). We review the Review Board's conclusions of law using a de novo standard. *Ind. State Univ. v. LaFief*, 888 N.E.2d 184, 186 (Ind. 2008).

The purpose of the Act is to provide unemployment benefits to individuals who are "unemployed through no fault of their own." Ind. Code § 22-4-15-1. A person who voluntarily leaves employment without good cause in connection with the work is disqualified from receiving unemployment benefits. Ind. Code § 22-4-15-1(a). Here, the Review Board found that Anderson was not disqualified from receiving unemployment benefits pursuant to Indiana Code Section 22-4-15-1(c)(2), which provides, "An individual whose unemployment is the result of medically substantiated physical disability and who is involuntarily unemployed after having made reasonable efforts to maintain the employment relationship shall not be subject to disqualification under this section for such separation."

Rice does not dispute that Anderson had a medically substantiated physical disability but argues that the Review Board erred in determining that Anderson made reasonable efforts to maintain the employment relationship. This is a conclusion of ultimate fact that we review for reasonableness. Rice asserts that another employee informed it that Anderson was taking truck driving school, and that after two months of no communication, it was reasonable for it to assume that Anderson had quit and therefore his termination was proper. However, the issue before us is not whether Rice's assumption that Anderson had quit was reasonable. Rather, the issue is whether the Review Board's determination that Anderson made reasonable efforts to maintain the employment relationship is reasonable.

5

Here, Anderson contacted Rice from the hospital and reported that he had surgery. Rice told Anderson to inform it when he was ready to return to work. Anderson then contacted Rice five times with medical releases indicating that he was ready to return to work, albeit with weight restrictions. After the weight restrictions had been lifted from five to twenty pounds, Anderson did not receive a response from Rice to return to work. Anderson began physical therapy in March and did not have new medical updates to provide to Rice. As Anderson still had the same weight restrictions, there was no reason for him to think that Rice had work for him. In August, when the weight restrictions had been lifted to seventy-five to eighty pounds, Anderson had already been removed from Rice's payroll. Based on these circumstances, we cannot say that the Review Board's determination that Anderson made reasonable efforts to maintain the employment relationship was unreasonable. Rice's other arguments are merely requests to reweigh evidence, which we may not do. Accordingly, we affirm the Review Board's decision that Anderson is eligible for unemployment benefits.

Affirmed.

BAKER, J., and NAJAM, J., concur.