# FOR PUBLICATION

ATTORNEYS OR APPELLANT:

**ANDREW DUTKANYCH, III**
**LAUREN E. BERGER**
Biesecker Dutkanych & Macer, LLC
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Mar 31 2014, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEBBIE MITCHELL, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1310-EX-856 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT, and MIDWEST | ) | |
| MOBILE CARE, INC., | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE
DEPARTMENT OF WORKFORCE DEVELOPMENT
Cause No. 13-R-02945

**March 31, 2014**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

Debbie Mitchell appeals the decision of the Review Board of the Indiana Department of Workforce Development ("Review Board") that she was not entitled to additional unemployment insurance benefits. Mitchell raises one issue for our review: whether the Review Board erred in affirming the findings of the Administrative Law Judge ("ALJ") that she was not partially unemployed. Concluding the Review Board did not err in applying the unambiguous statute defining partial unemployment, we affirm.

## Facts and Procedural History

Until May 25, 2011, Mitchell was a full-time employee for Vitreo Retinal Associates working approximately thirty-three hours per week. During her employment at Retinal Associates, she was also a part-time employee of Midwest Mobile Care, Inc., working approximately four to eight hours one day per week. Midwest Mobile considered full-time employment to be at least thirty-two hours per week. Her employment with Midwest Mobile was "on call or as needed [and] she is not guaranteed work on a weekly basis." Appellant's Appendix at 16.

On May 25, 2011, Mitchell lost her employment with Retinal Associates and was qualified to receive unemployment benefits due to the loss of that employment. She continued to work the same schedule for Midwest Mobile while she sought full-time employment. She reported her income from Midwest Mobile to the Department of Workforce Development ("DWD"), which deducted those earnings from her unemployment benefits.

2

On May 20, 2013, a DWD claims deputy issued a determination of eligibility with regard to her employment with Midwest Mobile determining that Mitchell was "working [her] normal customary hours [and] is not unemployed." Appellant's App. at 12. Her benefits were suspended as of the week ending November 26, 2011, the twenty-sixth week after her employment with Retinal Associates ended. Mitchell appealed the decision to an ALJ. Following a hearing, the ALJ affirmed the deputy's decision:

> FINDINGS OF FACT:
> * * *
> The week ending November 26, 2011, Claimant worked her twenty-sixth week with only the part time employment. Therefore, her part time employer became her regular employer and the part time hours became her regular and customary hours for the position.
> Therefore, Claimant was not working less than her normal and customary hours for this employer as it hired her as a part time employee and Claimant continued to be a part time employee throughout the employment.
> CONCLUSIONS OF LAW: Ind. Code § 22-4-3-2 provides: An individual is 'partially unemployed' when, because of lack of available work, he is working less than his normal customary full-time hours for his regular employer and his remuneration is less than his weekly benefit amount in any calendar week[.] 646 Ind. Admin. Code 5-8-1(a) provides that claimants are ineligible for benefits unless they can show that they are "working less than their normal customarily scheduled hours for their regular employer." 646 Ind. Admin. Code 5-8-1(b) provides:
>> "[N]ormal customarily scheduled hours" means the hours to which the claimant has agreed to work. Any reduction in hours that regularly occurs as a matter of practice, policy, or procedure of which the claimant was aware and to which the claimant has agreed will not be considered partial or part-total unemployment.
> The [ALJ] concludes Claimant was not totally unemployed because Claimant was working and receiving some remuneration.
> Additionally, pursuant to 646 I.A.C. 5-8-1, Claimant is not partially unemployed because Claimant was not working less than the normal customarily scheduled hours for the position with her regular employer, which was now Midwest Mobile Care since it was her only employer for twenty-six weeks. Therefore, the [ALJ] concludes Claimant was not totally or partially

3

unemployed within the meaning of Ind. Code § 22-4-3 and Claimant is ineligible for benefits as per 646 I.A.C. 5-8-1(a).

DECISION: The initial determination of the deputy dated May 20, 2013, is affirmed. Claimant is not unemployed. Claimant's benefits are suspended effective the week ending November 26, 2011.

Id. at 25-26. Mitchell appealed the ALJ's decision to the full Review Board, which adopted and incorporated by reference the ALJ's findings of fact and conclusions and affirmed the ALJ's decision suspending Mitchell's unemployment benefits. Mitchell now appeals to this court.

## Discussion and Decision

### I. Standard of Review

"Any decision of the [R]eview [B]oard shall be conclusive and binding as to all questions of fact. Either party to the dispute or the commissioner may . . . appeal the decision to the court of appeals of Indiana for errors of law . . . ." Ind. Code § 22-4-17-12(a). The facts in this case are undisputed; the parties disagree about the application of Indiana Code section 22-4-3-2 to those facts. This appeal therefore involves only interpretation of the statute, a question of law, and we review conclusions of law made by the Review Board under a *de novo* standard. Indiana State Univ. v. LaFief, 888 N.E.2d 184, 186 (Ind. 2008).

The interpretation of a statute by an administrative agency charged with the duty of enforcing the statute is entitled to great weight, unless the agency's interpretation would be unreasonable or inconsistent with the statute itself. Chrysler Grp., LLC v. Review Bd. of Indiana Dep't of Workforce Dev., 960 N.E.2d 118, 123 (Ind. 2012). This same rule of deference applies to agency interpretation of administrative regulations that it has drafted and

is charged with enforcing. State Bd. of Tax Comm'rs v. Two Market Square Assocs. Ltd. P'ship, 679 N.E.2d 882, 886 (Ind. 1997). We "regularly construe provisions of the [Unemployment Compensation] Act liberally to favor the unemployed and promote the Act's humanitarian purpose." Chrysler Grp. LLC, 960 N.E.2d at 126; see also Ind. Code § 22-4-1-1 (declaring public policy behind Act to be protecting against economic insecurity due to unemployment).

## II. Eligibility for Benefits

The purpose of the Unemployment Compensation Act is to provide unemployment benefits to individuals who are "unemployed through no fault of their own." Chrysler Grp. LLC., 960 N.E.2d at 123 (quoting Ind. Code § 22-4-1-1). One of the basic requirements of eligibility to collect unemployment benefits is that the claimant be totally, partially, or part-totally unemployed. Ind. Code § 22-4-2-22 (defining a "valid claim" for unemployment benefits as one filed by a person who has qualifying wage credits and is totally, partially, or part-totally unemployed). An individual is totally unemployed "in any week with respect to which no remuneration was payable to him for personal services." Ind. Code § 22-4-3-1. An individual is partially unemployed "when, because of lack of available work, he is working less than his normal customary full-time hours for his regular employer and his remuneration is less than his weekly benefit amount in any calendar week . . . ." Ind. Code § 22-4-3-2.[1] In affirming the ALJ's decision, the Review Board determined that Mitchell was neither totally unemployed nor partially unemployed as of November 26, 2011. Mitchell concedes she is

---

[1] Though the term is used a few times throughout the Unemployment Compensation Act, "part-totally

5

not totally unemployed, but contends she is partially unemployed due to her continued part-time employment with Midwest Mobile and the Review Board erred in determining she is not entitled to receive unemployment benefits past that date.

It is important to note at the outset that Mitchell received twenty-six weeks of unemployment benefits as a result of separation from her full-time employment with Retinal Associates. The basic benefit period is twenty-six weeks. See Ind. Code § 22-4-12-4(a); see also Unemployment Insurance Claimant Handbook (Rev. 12-13-2013), at 12, available at http://www.in.gov/dwd/files/Claimant_Handbook.pdf ("You may draw regular unemployment insurance benefits for up to 26 weeks, or until your maximum benefit amount (MBA) has been reached . . . .") (emphasis omitted). The claim now being appealed is for unemployment benefits payable as a result of Mitchell's employment by Midwest Mobile. See App. at 12 (Determination of Eligibility letter showing employer information for Midwest Mobile). Her previous employment with Retinal Associates is no longer a consideration.

Since Mitchell was first hired by Midwest Mobile, her employment has been part-time, on call and as needed, for approximately four to eight hours per week. As of the time of the eligibility determination, that remained the case. Again, Mitchell concedes that she does not meet the definition of "totally unemployed" because she receives remuneration from Midwest Mobile. Mitchell acknowledges that the "plain language of the statute [defining partial unemployment] reads that a person is partially unemployed when she is working less

unemployed" is not defined.

than her customary full time hours for an employer." Reply Brief at 2. She also acknowledges that she never established customary full-time hours with Midwest Mobile. Midwest Mobile considered full-time employment to be thirty-two hours a week, and she never worked more than eight hours in a week. She argues that because she never established full-time hours with Midwest Mobile, she is therefore partially unemployed.[2] However, under the plain language of the statute, because she never established full-time hours with Midwest Mobile, she <u>cannot</u> be partially unemployed. One must first have established customary full-time hours that are then reduced in order to be considered partially unemployed.

Although not cited by the Review Board or the parties, we also note that even if Mitchell did meet the section 22-4-3-2 definition of "partially unemployed," Indiana Code section 22-4-3-3 provides:

> An individual is not totally unemployed, part-totally unemployed, or partially unemployed for any week in which the individual:
> (1) is regularly and customarily employed on an on-call or as needed basis; and
> (2) has:
>     (A) remuneration for personal services payable to the individual; or
>     (B) work available from the individual's on-call or as needed employer.

Mitchell's employment with Midwest Mobile is regularly and customarily on an on call or as needed basis, and in those weeks in which she receives hours and wages, she is not partially unemployed and therefore not entitled to benefits pursuant to this section.

---

[2] She also argues that because she never established full-time hours, Midwest Mobile cannot be her "regular employer." Department of Workforce Development regulations define "regular employer" as "an employing unit for which the claimant has performed services in the last twenty-six (26) weeks . . . ." 646 I.A.C. 5-8-1(c). Status as a "regular employer" does not depend on the hours worked.

Mitchell argues that the Review Board's decision punishes her for maintaining part-time employment during the time she was receiving benefits due to her separation from employment with Retinal Associates. However, after her benefit period ended from her previous employment with Retinal Associates, she would be in the same position whether or not she had maintained part-time employment during that time. If she had not maintained part-time employment, she would meet the definition of totally unemployed but would have exhausted her benefits. Having maintained part-time employment, she is neither totally nor partially unemployed and is not entitled to additional benefits. Mitchell has not been disqualified from receiving benefits due to her part-time work, she is just not entitled to additional benefits because of it. She has been placed in no worse position than a less industrious person. We do note, however, that we do not condone the nearly eighteen month delay in making the eligibility determination with respect to her employment with Midwest Mobile after her benefit period with regard to Retinal Associates ended, as this has presumably resulted in a significant overpayment which she is now obligated to repay.

### Conclusion

The Review Board properly applied the plain language of the statute defining partial unemployment, and its determination that Mitchell is no longer eligible for benefits is affirmed.

Affirmed.

BARNES, J., and BROWN, J., concur.

8