## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 26 2017, 10:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Vassil Marinov
West Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Vassil Marinov,

*Appellant*,

v.

Review Board of the Department
of Workforce Development,

*Appellee*.

October 26, 2017

Court of Appeals Case No.
No. 93A02-1701-EX-125

Appeal from the Review Board of
the Department of Workforce
Development

Steven F. Bier, Chairperson
George H. Baker, Member
Larry A. Dailey, Member

Case Nos.
16-R-1589
16-R-1590

**Brown, Judge.**

[1] Vassil Marinov ("Employee"), *pro se*, appeals from decisions of the Review Board of the Indiana Department of Workforce Development (the "Board") denying his claims for unemployment benefits for two weeks. We affirm.

## Facts and Procedural History

[2] Employee began to work for FCA UA LLC ("Employer") in July 2013 and works full time at a plant of Employer in Kokomo, Indiana. A 2011 collective bargaining agreement between Employer and the United Automobile Workers provided that a plant shutdown for vacation purposes for up to two weeks may be scheduled and that employees will not be eligible for unemployment benefits during the weeks so designated as a vacation shutdown. A 2015 collective bargaining agreement similarly permitted Employer to designate up to two weeks as vacation.[1] In 2016, Employer designated a two-week shutdown period for certain plants for the weeks ending July 30 and August 6, 2016 (the "Shutdown Period"). Employee was given a return-to-work date of August 9, 2016, did not work during the Shutdown Period, and returned to work during the week following the two-week Shutdown Period in his same position and rate of pay.

[3] Employee filed for unemployment benefits. On August 11, 2016, a claims deputy with the Indiana Department of Workforce Development ("DWD")

---

[1] While the 2015 agreement was not presented at the hearing before the ALJ, the ALJ admitted an email exchange and testimony indicating that, under the new agreement, Employer contractually could designate up to two weeks as vacation.

entered a determination under case 104204 ("Case 204") finding that, for weeks ending July 30 and August 6, 2016, Employee was on a vacation mandated by Employer, was not unemployed for those weeks, and is not entitled to benefits. On August 12, 2016, the claims deputy entered a determination under case 104199 ("Case 199") finding that, during the week ending July 30, 2016, Employee earned vacation pay that was more than the weekly benefit amount and that benefits for that week are not payable. Employee appealed the denial of his benefits. An administrative law judge (the "ALJ") held a consolidated hearing in Cases 199 and 204 at which Employee appeared *pro se* and was provided an interpreter, and the DWD appeared by its representative. The ALJ admitted into evidence certain documents and the testimony of Employee and DWD's representative. Employee indicated that Employer planned to make changes on the production line during the Shutdown Period. The DWD's representative indicated she did not receive any information that the union challenged the vacation weeks.

[4]     On October 21, 2016, the ALJ issued decisions in Cases 199 and 204. The ALJ's decision in Case 199 provides in part that an individual is not eligible to receive unemployment benefits for any week in which the individual's deductible income is greater than his weekly benefit amount, that deductible income includes vacation pay, that Employee was eligible for forty hours of vacation pay, and that the vacation is allocated to the week ending July 30, 2016. The decision further provides that Employee is not required to take the pay for the vacation period and can receive his payment at any time during the

year but the payment is allocated to a specific week and would be deductible for that week, that Employee's vacation pay exceeded the maximum weekly benefit amount, and that the Employee would have deductible income in excess of his weekly benefit amount for the week ending July 30, 2016, and is not entitled to benefits for that week. The ALJ's decision in Case 204 finds that Employee was not unemployed during the two weeks of the Shutdown Period and thus was not eligible for unemployment benefits for those two weeks. The ALJ specifically found that the UAW negotiated a contract provision which allows Employer to designate two weeks per year as a vacation period, Employer designated the weeks ending July 30 and August 6, 2016 as the vacation period, and no challenges to Employer's authority to designate the vacation period was made by the union on behalf of employees. The ALJ also found that Employee did not work during the Shutdown Period, Employee had a return to work date of August 9, 2016, Employee returned to work on that day without further time off, Ind. Code § 22-4-3-5 applies in this case, and Employee is not eligible for unemployment benefits during the Shutdown Period. Employee appealed the decisions of the ALJ to the Board, and the Board issued decisions in Cases 199 and 204 which affirmed and adopted the ALJ's decisions.

## *Discussion*

[5] The issue is whether the Board erred in determining that Employee is not eligible for unemployment benefits for the two-week Shutdown Period. Pro se litigants are held to the same standard as trained counsel and are required to

follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Employee asserts that the DWD did not present any legal documents proving that he was on vacation and that his paystubs show that he did not receive any vacation pay. The Board maintains that the determination that Employee was not unemployed during the Shutdown Period was supported by the evidence, reasonable, and in accordance with law. Specifically, it argues that Employee was not unemployed under Ind. Code 22-4-3-5 because the 2015 agreement allowed Employer to designate up to two weeks as a vacation period, Employer shut down the plant during the Shutdown Period, and Employee had reasonable assurance that he would be employed with Employer after the Shutdown Period ended and did in fact return to work at that point.

[6]   The standard of review on appeal of a decision of the Board is threefold: (1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact—ultimate facts—are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness. *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136, 1139 (Ind. 2011). Ultimate facts are facts that involve an inference or deduction based on the findings of basic fact. *Id.* Where such facts are within the special competence of the Board, the Court will give greater deference to the Board's conclusions, broadening the scope of what can be considered reasonable. *Id.*

[7]   Ind. Code § 22-4-14-1 provides in part that, subject to certain exceptions, an unemployed individual shall be eligible to receive benefits with respect to any

week if the individual has made a claim for benefits in accordance with Ind. Code §§ 22-4-17. Ind. Code § 22-4-3-1 provides that an individual shall be deemed "totally unemployed" in any week with respect to which no remuneration was payable to him for personal services. Ind. Code § 22-4-3-2 provides in part that an individual is "partially unemployed" when, because of lack of available work, he is working less than his normal customary full-time hours for his regular employer and his remuneration is less than his weekly benefit amount in any calendar week. Ind. Code § 22-4-3-3 provides that an individual is not totally unemployed, part-totally unemployed, or partially unemployed for any week in which the individual: is regularly and customarily employed on an on call or as needed basis; and has remuneration for personal services payable to the individual, or work available from the individual's on-call or as needed employer. Ind. Code § 22-4-3-4 provides that an individual is not totally unemployed, part-totally unemployed, or partially unemployed for any week in which the department finds that the individual: is on a vacation week; and is receiving, or has received, remuneration from the employer for that week.

[8]     Ind. Code § 22-4-3-5 provides:

(a)     Subject to subsection (b), an individual is not totally unemployed, part-totally unemployed, or partially unemployed for any week in which the department finds the individual:

> > (1)     is on a vacation week; and
>
> > (2)     has not received remuneration from the employer for that week, because of:
>
> > > (A)     a written contract between the employer and the employees; or
>
> > > (B)     the employer's regular vacation policy and practice.
>
> (b)     Subsection (a) applies only if the department finds that the individual has a reasonable assurance that the individual will have employment available with the employer after the vacation period ends.

[9]     The record reveals that Employer, pursuant to a collective bargaining agreement with employees, was permitted to designate up to two weeks as a vacation period during which it could shut down its plants and that Employer, in 2016, designated the Shutdown Period during which certain plants of Employer would shut down for two weeks. Consistent with Employer's designation and the agreement, Employer shut down the plant and Employee did not work or receive remuneration attributable to the Shutdown Period. Further, evidence was presented supporting the conclusion of the ALJ and Board that Employee had a reasonable assurance that he would have employment available with Employer after the Shutdown Period ended and in fact that Employee returned to work during the week following the Shutdown Period in his same position and rate of pay. The ALJ and Board found that there was a vacation provision in the contract effective for 2016, that Employer

designated the Shutdown Period and there was no evidence the union challenged the designation, and that Ind. Code § 22-4-3-5 applies in this case.

[10] Based upon the record, we cannot conclude that the Board erred in determining that Employee was not unemployed for purposes of determining his eligibility for unemployment benefits during the weeks ending July 30 and August 6, 2016, and thus that Employee is not entitled to benefits attributable to those weeks. *See Broxton v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 999 N.E.2d 1069, 1075-1078 (Ind. Ct. App. 2014) (holding that the Board did not err in determining that the claimant, a cook who worked for a company providing food service at a college and who worked full time during the school year and was on call during the summer months, was ineligible for unemployment benefits due to Ind. Code § 22-4-3-5 and that the Board's determination that the claimant was on an unpaid vacation week because of the company's regular vacation policy and practice and had reasonable assurance of employment after the vacation period ended was reasonable), *trans. denied*; *D.B. v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 2 N.E.3d 705, 709 (Ind. Ct. App. 2013) (affirming the Board's determination, applying Ind. Code § 22-4-3-5, that the claimants, who were employees or owners of a transit company which operated school buses during the school year and not during the summer, were not entitled to employment benefits where the summer break period was a vacation period within the regular vacation policy and practice of the company and the company gave its employees reasonable assurance of employment at the conclusion of the vacation period), *trans. denied*; *see also Ind. State Univ. v. LaFief*,

888 N.E.2d 184, 187 (Ind. 2008) (indicating, prior to the enactment of Ind. Code 22-4-3-5, that the general rule is that employees "who contractually agree to mandatory vacation periods or temporary shut downs are not eligible for unemployment benefits so long as they have reasonable assurance that they will continue to be employed after the mandatory vacation period or temporary shut down ends").[2]

### Conclusion

[11] For the foregoing reasons, we affirm the Board's denial of Employee's claim for unemployment benefits for the two-week Shutdown Period.

[12] Affirmed.

Najam, J., and Kirsch, J., concur.

---

[2] Because we affirm the Board's decision on the grounds that Employee was not eligible for unemployment benefits for the weeks ending July 30 and August 6, 2016, under Ind. Code §§ 22-4-3-5 as set forth above, we need not address whether Employee was ineligible for benefits for the week ending July 30, 2016, for the additional reason that his deductible income exceeded his benefits for that week.