OPINION
VAIDIK, Judge.
Case Summary
Alebró, LLC, appeals the decision of the Unemployment Insurance Review Board of the Indiana Department of Workforce Development (“Review Board”) granting its terminated employee, Jason Scheidell, unemployment benefits. Alebró argues that the Review Board erred in failing to admit documents as evidence at the hearing, used the wrong burden of proof, and erred in allowing Scheidell to rebut Aleb-ro’s prima facie case of just cause for termination by arguing instead that he had committed a different terminable offense. We hold that if an employee’s explanation for the behavior that led to his termination is another terminable offense, that provides just cause for termination. We therefore reverse.
Facts and Procedural History
Alebró, LLC, is a retail seller of salt that employed Jason Scheidell from June 16, 2004, until June 20, 2011. Alebró had noticed for some time that it had been missing inventory, but it did not know why. In June 2011, a customer of Alebró, Mr. Adams, notified Alebró that Scheidell had offered to sell him what he claimed was his own salt at a price lower than that at which Alebró would sell it. Alebró instructed Mr. Adams to go through with the transaction, so Mr. Adams agreed to buy one pallet of salt from Scheidell for $150. The purchase took place at Alebro’s warehouse at the far end of the loading dock.
Alebró fired Scheidell for theft, alleging that the salt that he sold to Mr. Adams was actually Alebro’s missing salt. Schei-dell filed for unemployment compensation and was denied. Scheidell appealed. The Administrative Law Judge (ALJ) conducted a telephonic hearing, during which documents Alebró claimed proved the salt was its own were not admitted into evidence because proper procedure was not followed, specifically, Alebró did not send the documents to Scheidell before the hearing. Also, Scheidell attempted to rebut Alebro’s *238 prima face case of theft by admitting instead that he only breached his duty of loyalty to Alebró by selling salt on Alebro’s property at a lower price than Alebró sold it for, another terminable offense. The ALJ reversed, determining that Scheidell had not been terminated for just cause for theft. The ALJ did not consider that Scheidell’s explanation for his behavior was an admission that he committed another terminable offense. The finding was upheld by the Review Board, which adopted the findings and conclusions of the ALJ.
Alebró now appeals.
Discussion and Decision
 The Indiana Unemployment Compensation Act (“the Act”) provides that any decision of the Review Board shall be conclusive and binding as to all questions of fact. Ind.Code § 22 — 4-17-12(a). When the Review Board’s decision is challenged as contrary to law, the reviewing court is limited to a two-part inquiry into (1) the sufficiency of the facts found to sustain the decision and (2) the sufficiency of the evidence to sustain the findings of fact. Ind.Code § 22-4-17-12(f). Under this standard, courts are called upon to review: (1) determinations of specific or basic underlying facts; (2) conclusions or inferences from those facts, or determinations of ultimate facts; and (3) conclusions of law. Chrysler Group, LLC v. Review Bd. of Ind. Dep’t of Workforce Dev., 960 N.E.2d 118, 122 (Ind.2012). The Review Board’s findings of basic fact are subject to a “substantial evidence” standard of review. Id. In this analysis, the appellate court neither reweighs the evidence nor assesses the credibility of witnesses and considers only the evidence most favorable to the Review Board’s findings. Id. The Review Board’s conclusions as to ultimate facts involve an inference or deduction based on the findings of basic fact. Id. Accordingly, they are typically reviewed to ensure that the Review Board’s inference is “reasonable” or “reasonable in light of [the Review Board’s] findings.” Id. at 13-18. Legal propositions are reviewed for their correctness. Id.
The Act was enacted to “provide for payment of benefits to persons unemployed through no fault of their own.” Ind.Code § 22-4-1-1; P.K.E. v. Review Bd. of Ind. Dep’t of Workforce Dev., 942 N.E.2d 125, 130 (Ind.Ct.App.2011), trans. denied. An individual is disqualified for unemployment benefits if he or she is discharged for “just cause,” Ind.Code § 22-4-15-1; P.K.E., 942 N.E.2d at 130, which includes gross misconduct, Ind.Code § 22-4-15-6.1. As set forth in Indiana Code section 22 — 4-15-6.1,
(b) “gross misconduct” means any of the following committed in connection with work, as determined by the department by a preponderance of the evidence:
[[Image here]]
(5) Theft or embezzlement....
When an employee is alleged to have been discharged for just cause, the employer bears the burden of proof to make a prima facie showing of just cause. P.K.E., 942 N.E.2d at 130. Once the employer meets its burden, the burden shifts to the employee to rebut the employer’s evidence. Id. Here, the ALJ found that Scheidell was not terminated for just cause for theft of Alebro’s salt. The Review Board adopted the ALJ’s findings and conclusions.
Alebró contends that the Review Board erred in determining that Scheidell was not properly terminated for just cause because: (1) the ALJ failed to admit documents into evidence that showed that Scheidell stole salt from Alebró; (2) the ALJ improperly put the burden of proof *239 on Alebró to prove that Scheidell was ineligible for benefits; and (3) Scheidell attempted to rebut the allegation that he stole from Alebró by admitting instead that he only breached his duty of loyalty to Alebró, another terminable offense. We address each of these arguments in turn.
I.Admission of Documents
Alebró contends that the ALJ erred in failing to admit into evidence certain documents showing that the salt sold by Scheidell belonged to Alebró. We disagree. The Indiana Administrative Code squarely addresses this issue, stating in relevant part:
(d) When a hearing before an administrative law judge, or the review board, is scheduled by telephone, either with one (1) or both parties participating by telephone, the parties shall:
(1) exchange any exhibits to be introduced into the record at the hearing; and
(2) mail a copy of those exhibits to the administrative law judge, or to the review board, no later than four (4) days prior to the scheduled hearing date.
646 Ind. Admin. Code 5 — 10—24(d) (emphasis added).
Additionally, in the hearing instructions sent to both parties with the Notice of Hearing is a section concerning the admission of evidence. The instructions said, in relevant part:
If you wish to have exhibits/evidence considered at your hearing, you must label each document with a letter or number, as well as your case number so the judge can easily refer to them. You must confirm you have sent copies to the other party. Failure to do so may result in the judge refusing to allow them to be used or discussed at the hearing.
Ex. 8-9 (emphasis added). It is clear that Alebró was required to send the documents in question to Scheidell before the telephonic hearing. Alebró failed to do so, and based on the rules of the hearing, the ALJ was acting well within his discretion when he properly refused to admit the documents into evidence.
II.Burden of Proof
Alebró also contends that the ALJ improperly placed the burden of proof on Alebró to prove that Scheidell was ineligible for benefits. When an employee is alleged to have been discharged for just cause, the employer bears the burden of proof to make a prima facie showing of just cause. P.K.E., 942 N.E.2d at 130. Once the employer meets its burden, the burden shifts to the employee to rebut the employer’s evidence. Id. Alebró argues that the ALJ required it to initially prove its case against Scheidell instead of just providing a prima facie case of his theft. We disagree.
A review of the ALJ’s decision shows that Alebró provided a prima facie case and Scheidell rebutted that case by claiming the salt was his. With no evidence to disprove Scheidell’s claim as a result of certain documents being excluded from evidence, the ALJ found that Scheidell had sufficiently rebutted Alebro’s prima facie case. Appellant’s App. p. 6.
The ALJ did not require Alebró to first prove its case against Scheidell; it merely found that Scheidell provided enough evidence to rebut the prima facie case that Alebró presented without the documents that may have proved the theft. We therefore find that the ALJ did not place the wrong burden of proof on Alebró.
III.Breach of Duty of Loyalty
Finally, Alebró contends that Scheidell is ineligible for benefits because he attempted to rebut the allegation that *240 he stole salt from Alebró by admitting instead that he only breached his duty of loyalty to Alebró by selling salt on Alebro’s property cheaper than Alebró did, another terminable offense. We agree.
Scheidell argues that our review is limited to Alebro’s stated grounds for discharge, in this case, theft. See Voss v. Review Bd. of Dep’t of Emp’t and Training Servs., 538 N.E.2d 1020, 1021 (Ind.Ct.App.1989). In Voss, Voss was fired for unauthorized and excessive use of the company phones for personal phone calls. Id. The Review Board found that Voss was terminated for just cause, but considered other grounds for his termination besides his unauthorized and excessive use of the company phones. We held that the Review Board’s decision was “in error to the extent it determined that any other basis existed for Voss’s discharge,” and that our review of his unemployment benefit denial was confined solely to his employer’s stated grounds for termination. Id.
While we agree that Voss limits the scope of the review that may be conducted, we must limit the breadth of Voss so that we do not create illogical and absurd results. The rule in Voss limits the scope of unemployment-benefit hearings to the stated offense or offenses that were the reason for terminating an employee. The reasoning of Voss is so employees are not surprised with additional allegations that were not charged. Put differently, the policy reason behind Voss is fair notice of the allegations so the employee may defend against them. In that sense, Voss is a logical limitation on unemployment-benefit hearings. However, the reasoning of Voss is no longer applicable when an employee defends his behavior against a stated offense by admitting another terminable offense. He no longer requires the protection of fair notice because he is the one setting forth the allegations of his terminable offenses, not his employer. To do otherwise would allow an employee to turn the shield of Voss into a sword, using his own terminable offenses to obtain undeserved unemployment benefits. This would turn Voss on its head and accomplish the opposite of what the holding in Voss is designed to do..
In this case, Scheidell denies that the salt that he sold to Mr. Adams was Aleb-ro’s salt; instead, he claims it was his own. Since the documents that may have showed that the salt was Alebro’s were excluded from evidence, Alebró cannot refute Scheidell’s claim. However, Schei-dell’s refutation of theft included an admission that he sold the salt on Alebro’s property at a lower price than Alebró sold it for, a clear breach of duty reasonably owed to his employer.
The Indiana Administrative Code defines a breach of duty reasonably owed to an employer, in relevant part, as: conduct which establishes that the claimant:
⅜: ⅜ ⅜ ⅜ ⅜: ⅜
(8) chose a course of action that the claimant knew, or should have known, would negatively impact the employer’s financial interests;
(4) demonstrated an intentional or substantial disregard for the employer’s interests;
(5) intentionally or knowingly injured, or attempted to injure, the employer’s financial interests;
(6) intentionally chose a course of action that pitted the claimant’s interests against the employer’s interests to the detriment of the employer;
[[Image here]]
646 Ind. Admin. Code 5-8-6(b). Scheidell breached the duty he reasonably owed to Alebró by undercutting its price for salt and selling to one of its customers. Schei- *241 dell acted contrary to Alebro’s financial interests and stole one of its customers, a blatant violation of his fiduciary duty to Alebró.
We therefore find that Scheidell’s explanation for the theft alleged by Alebró was another terminable offense. Because we limit the holding in Foss, we hold that the Review Board erred in finding Scheidell eligible for unemployment-insurance benefits.
Reversed.
BRAFORD, J., concurs.
CRONE, J., concurs with separate opinion.