Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

Aug 26 2014, 9:47 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**THOMAS M. FROHMAN**
**JAMIE L. ANDREE**
Indiana Legal Services, Inc.
Bloomington, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KRISTIN GARN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DESTINY SKEEN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No.  93A02-1401-EX-57 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and | ) | |
| HUB RESTAURANT LLP, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE
INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT
Cause No. 14-R-44

**August 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Destiny Skeen was discharged from her employment as a server and assistant manager with Hub Restaurant LLP ("Hub"). An administrative law judge ("ALJ") of the Department of Workforce Development determined that she was discharged for just cause, and the Review Board adopted and affirmed that decision. Skeen raises two issues on appeal from the Review Board's decision, of which we find the following dispositive: whether the Review Board's decision is supported by substantial evidence. Concluding the Review Board's decision is not supported by substantial evidence, we reverse.

## Facts and Procedural History

Howard Hinman and his wife are the owners of the Hub. Skeen was hired in June of 2012 as a full-time server/assistant manager of the restaurant. On March 12, 2013, Skeen signed a document titled "Hub Restaurant Server's Policy." Exhibit D, Exhibits Volume at 21-22. The document begins, "Because of the important [sic] of a Server's job, it is important that you carefully READ AND UNDERSTAND this policy . . . ." Id. at 21. The policy includes the following:

> You are not to operate the cash register in any fashion including opening the cash drawer unless you have been designated as the cashier during your shift. Violation of this policy will result in disciplinary action including possible immediate termination. If it is determined that you have inappropriately taken money from the register you WILL be both prosecuted and terminated immediately.

Id. Several of the policies include a reference to the manager in charge or "MIC." See id. For instance, the document states, "If another server takes a table out of turn you are to report such immediately to the MIC," and "If you have any issue with another

employee or management, you will bring it directly to the attention of the MIC." Id. It seems clear, then, that the "you" referred to in the policy does not include a manager in charge. By her signature, Skeen affirmed that she had read and understood the policies, accepted them, and understood that "any violation of these policies may result in disciplinary action up to and including immediate termination." Id. at 22.

Both Skeen and Hinman agree that on June 22, 2013, Skeen opened the register at the Hub and removed cash. Skeen claims she did so to pay herself and another employee for working an earlier off-site catering event and also to exchange with Hinman for smaller bills in order to settle customer checks. Hinman claims he knew nothing of this and learned what Skeen had done when he reviewed videotape upon arriving at the restaurant later that day. Skeen was discharged as of that date.

Skeen filed a claim for unemployment benefits with the Indiana Department of Workforce Development. A claims deputy found she was discharged for just cause and ineligible for benefits. Skeen filed an appeal of this eligibility determination and a hearing was held before an ALJ at which Hinman and Skeen appeared telephonically. In addition to testifying about the incident with the cash register, Hinman testified that Skeen's time card was often incorrect and submitted as an exhibit her time card from the week beginning Monday, May 27, 2013. He also testified that Skeen had given food to friends and family without charging them and had given away dishes belonging to the restaurant without permission. Finally, Hinman testified as follows:

> Q. Is the, who is the manager in charge for a given shift? How is that designated?

A. So she could be one of the managers in charge as an assistant manager, Your Honor . . . .

Q. So was she the manager in charge for the week of May, it looks like the twenty-fifth through the twenty-ninth?

A. Well the manager in charge would be her, her dad, who was the general manager when he was on site, and if he was not on site and, if she was the only person on site, she would become the manager in charge.

Q. So do you know whether she was the manager in charge for that week?

A. She was not for that week. Her father worked that week as well. So there were times when she was there by herself, preferably in, or purportedly in the late evenings, but during the first parts of her shift, her father was there as the manager in charge, but she picked that duty up whenever he left the restaurant basically.

Q. Do the policies that you've provided apply to all of your employees?

A. They do.

Q. Do you discharge all employees for violating your polices in the same way that Ms. Skeen did?

A Yes.

Transcript of Evidence and Proceedings at 18-19. When cross-examining Skeen, Hinman asked what the policy for taking money out of the register is, and she replied, "That a manager does it." Id. at 25. The ALJ issued a written decision affirming the decision of the claims deputy. Relevant to this appeal, the ALJ found:

> [Hub] did not give [Skeen] permission to remove the cash . . . . [Skeen] was not the manager in charge or the designated cashier on June 22, 2013.
>
> [Hub] has a work rule stating that servers are not to "operate the cash register in any fashion including opening the cash drawer" unless designated as the cashier for the shift. "If it is determined that you have inappropriately taken money from the register . . ." [Hub] will discharge the employee and seek criminal action. . . . [Skeen] received a copy of the work rules on March 12, 2013. The work rules apply to all employees of [Hub]. [Hub] discharges all employees who violate its work rules.

Appellant's Appendix at 3-4. Accordingly, the ALJ concluded:

> In matters involving discharge, the employer bears the burden of proving of just cause for termination. Just cause for discharge includes a "knowing

violation of a reasonable and uniformly enforced rule of an employer . . . ."
Ind. Code 22-4-15-1(d)(2).

* * *

As to [Skeen] removing cash from the register on June 22, 2013, [Skeen] had already received a copy of [Hub's] work rules over three months prior. [Hub's] policy regarding operation of the cash register is lawful. The policy is related to [Hub's] business operations in that it protects its financial interests. The policy applies to all employees of [Hub]. The policy does not create a harsh or unconscionable requirement for employees. Therefore, [Hub's] policy is reasonable. [Hub] discharges all employees who inappropriately remove cash from the cash register. Therefore, the policy is uniformly enforced.

The [ALJ] concludes that [Skeen] knowingly violated a reasonable and uniformly enforced rule. [Hub] discharged [Skeen] for just cause as defined by Ind. Code 22-4-15-1.

Id. at 4.[1]

Skeen appealed the ALJ's decision to the Review Board, which did not hold a hearing or accept additional evidence. "After examining the record, the Review Board adopts and incorporates by reference the findings of fact and conclusion of law of the [ALJ] and affirms the [ALJ's] decision . . . ." Id. at 2. Skeen now appeals the Review Board's denial of her claim for unemployment benefits.

### Discussion and Decision

### I. Standard of Review

The Indiana Unemployment Compensation Act ("Act") provides that any decision of the Review Board shall be conclusive and binding as to all questions of fact. Ind. Code § 22-4-17-12(a). "The standard of review on appeal of a decision of the [Review]

---

[1] As for the allegation that Skeen provided free meals to friends and family, the ALJ found there was not sufficient evidence to establish that Skeen knowingly violated an employer policy. Id. The ALJ made no findings about the remaining allegations.

Board is threefold: (1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact—ultimate facts—are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness." Recker v. Review Bd. of Ind. Dep't of Workforce Dev., 958 N.E.2d 1136, 1139 (Ind. 2011). In conducting the "substantial evidence" analysis, we neither reweigh evidence nor judge witness credibility; rather, we consider only the evidence most favorable to the Review Board's findings. McClain v. Review Bd. of Ind. Dep't of Workforce Dev., 693 N.E.2d 1314, 1317 (Ind. 1998). We will reverse only if there is no substantial evidence to support the Review Board's findings. Coleman v. Review Bd. of Ind. Dep't of Workforce Dev., 905 N.E.2d 1015, 1019 (Ind. Ct. App. 2009).

The Act provides unemployment benefits to individuals who are "unemployed through no fault of their own." Ind. Code § 22-4-1-1. We give the Act a liberal construction in favor of employees "because it is social legislation with underlying humanitarian purposes." Coleman, 905 N.E.2d at 1019. Under the Act, an individual is disqualified for unemployment benefits if he or she is discharged for "just cause." Ind. Code § 22-4-15-1(a). Discharge for just cause includes a "knowing violation of a reasonable and uniformly enforced rule of an employer . . . ." Ind. Code § 22-4-15-1(d)(2). When the employer alleges that the employee was discharged for just cause, the employer bears the burden of establishing a prima facie case of discharge for just cause. Alebro, LLC v. Review Bd. of Ind. Dep't of Workforce Dev., 968 N.E.2d 236, 238 (Ind. Ct. App. 2012). "Once the employer meets its burden, the burden shifts to the employee to rebut the employer's evidence." Id.

## II. Substantial Evidence

Skeen alleges there is not substantial evidence supporting the Review Board's finding that she was not a manager in charge or the designated cashier on June 22, 2013, and the Review Board relied on this finding in making the determination that she was discharged for just cause because she had violated Hub's reasonable and uniformly enforced rule that only a manager or the designated cashier could open the cash drawer. We agree.

The "Hub Restaurant Server's Policy" does include a rule that servers other than the server designated as cashier during a shift are not to operate the cash register. Because the policy is directed to servers and references the manager in charge separately, by its own terms, the policy applies only to servers. Skeen testified that a manager may take cash from the register. Hinman testified that as an assistant manager, Skeen became the manager in charge when the general manager was not there during her shift. To prove Skeen had been discharged for just cause, the burden of proof was on Hinman to show that on June 22, 2013, she was acting as a server without authorization to open the cash drawer and knowingly violated that rule. Hinman testified that Skeen was not the manager in charge the week of May 25-29, 2013, see tr. at 18, but there was no testimony regarding her status on June 22, 2013, the date in question. Therefore, although there is evidence of a reasonable and uniformly enforced work rule, there is no evidence to support the Review Board's finding that Skeen was not a manager in charge or the designated cashier such that the rule applied to Skeen on the relevant date. Hinman therefore failed to meet his initial burden of making a prima facie showing of just cause.

Additionally, because the Review Board found that Skeen was not authorized to open the cash drawer in the first place, there are no findings with regard to whether Skeen actually stole from the Hub when she removed cash from the register as Hinman alleged or whether she took cash for authorized purposes as Skeen alleged. Without evidence supporting the finding that Skeen was not the manager in charge or the designated cashier and therefore violated the server's policy by operating the cash register or a finding that regardless of her status that night, she inappropriately took money from the cash register, there are no findings to support the Review Board's ultimate decision that Skeen was discharged for just cause.

## Conclusion

The record lacks substantial evidence that Skeen was terminated for just cause. We reverse the Review Board's decision denying Skeen's unemployment compensation benefits.

Reversed.

BAKER, J., and KIRSCH, J., concur.